### *In re* AUSTIN'S ESTATE.

(*Supreme Court, General Term, First Department.*   November 23, 1888.)

EXECUTORS AND ADMINISTRATORS—PROBATE PRACTICE—ANTICIPATION OF LEGACY.

    An order of the surrogate directing the payment of a sum of money in anticipation of a legacy, which does not require security to be given as a condition of payment, as provided by Code Civil Proc. N. Y. § 2719, is fatally irregular.

Appeal from surrogate's court, New York county; R. S. RANSOM, Surrogate.

This is an appeal by Jane Oakes, executrix of the will of Winifred Austin, deceased, from an order of the surrogate directing the payment to the respondent, Leonidas S. Osborn, of the sum of $500, in anticipation of the payment to him of certain legacies under the will of decedent.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Henry L. Sprague,* for appellant.   *Henry B. Hathaway,* for respondent.

VAN BRUNT, P. J.   The power of the surrogate to anticipate the payment of legacies should be exercised with great care and caution, and, although upon the moving papers a strong appeal is made to the sympathies of the court, yet, as courts are not eleemosynary institutions, their determinations should not be controlled or influenced by such considerations, and it is doubtful whether, under the facts disclosed by the moving papers, the order in question should have been made.   There is, however, an objection taken which is fatal.   Section 2719 of the Code of Civil Procedure clearly provides that as a condition of payment the surrogate must require security to be given. This was not done, and therefore the order made was irregular and improper. The order should be reversed, with $10 costs and disbursements, with leave to renew upon additional papers.

MACOMBER and BRADY, JJ., concur.

---

### *In re* AUSTIN'S ESTATE.

(*Supreme Court, General Term, First Department.*   November 23, 1888.)

Appeal from surrogate's court, New York county; R. S. RANSOM, Surrogate.

The facts of this case are the same as *In re Austin's Estate, supra,* except that the order in this case was for the payment to respondent, Winifred Osborn, of $500, in anticipation of the income of her legacy.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Henry L. Sprague,* for appellant.   *Henry B. Hathaway,* for respondent.

VAN BRUNT, P. J.   The same disposition must be made of this appeal as was made of that upon the appeal from the order in favor of Leonidas Osborn, (*supra.*)

MACOMBER and BRADY, JJ., concur.

---

### FOSTER *v.* SCHNEIDER *et al.*

(*Supreme Court, General Term, First Department.*   November 23, 1888.)

MECHANICS' LIENS—PROCEEDINGS TO PERFECT—NOTICE.

    Under Laws N. Y. 1885, c. 342, § 4, relating to mechanics' liens, which requires the notices filed with the clerk to contain a statement "whether all the work for which the claim is made has been actually performed or furnished, and, if not, how much of it," a notice which fails to state how much of the work under the contract remains to be performed, but states that it all has been performed, when in fact it has been only partly performed, does not entitle the claimant to a lien.

Appeal from special term, New York county; O'BRIEN, Justice.

Action by Girand Foster against Matthias H. Schneider, the Pelham Hod-Elevating Company, Margarethe Clemens, William Wilkenning, James H. Lee, Franklin Lee, Nelson Holland, Charles S. Kendall, impleaded with others,